UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDYS LINAREZ NAJERA, | ) | CASE NO. CV 13-3761 PSG (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| WARDEN, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Petitioner because the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition was filed on May 28, 2013. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On August 22, 2011, in Los Angeles County Superior Court, Petitioner pleaded no contest to several charges, including robbery. *See* Pet. ¶¶ 2 (convictions), 5 (no contest plea). He was sentenced to 29 years in prison. Pet. ¶ 2(f).

(b) Petitioner did not appeal. Pet. ¶ 3. His conviction became final after Friday, October 21, 2011, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60 day deadline). Petitioner's one-year AEDPA limitations period began to run at that time.

(c) Over nine months passed. On July 26, 2012, Petitioner tolled the AEDPA limitations period by beginning a series of unsuccessful state habeas petitions in the trial court, California Court of Appeal and California Supreme Court. The latter court denied his final state petition on November 14, 2012. *See* docket in *In re Najera*, Cal. Supreme Ct. case no. S205006. Petitioner's AEDPA limitations period again began to run after that date, with just under three months remaining.

(d) Over six months later, Petitioner commenced this action.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in February of 2013, three months after the California Supreme Court denied his final state habeas challenge.

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: June 3, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE